```
                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF VIRGINIA
                       Richmond Division


COMMONWEALTH OF VIRGINIA,         }
EX REL. KENNETH T. CUCCINELLI, II }
                                  }
v.                                }   Civil Action No.
                                  }   10-CV-188
KATHLEEN SEBELIUS                 }

                                       June 3, 2010


   COMPLETE TRANSCRIPT OF INITIAL PRETRIAL CONFERENCE
         BEFORE THE HONORABLE HENRY E. HUDSON
           UNITED STATES DISTRICT COURT JUDGE



APPEARANCES:

Duncan Getchell, Jr., Esquire
Wesley G. Russell, Jr., Esquire
Stephen R. McCullough, Esquire
OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia  23219
     Counsel on behalf of the Commonwealth of
     Virginia, Ex Rel. Kenneth T. Cuccinelli, II


Ian Gershengorn, Esquire
Joel McElvain, Esquire
Jonathan H. Hambrick, Esquire
Erika Myers, Esquire
DEPARTMENT OF JUSTICE FEDERAL PROGRAMS BRANCH
20 Massachusetts Avenue, NW
Room 7332
Washington, DC  20001
     Counsel on behalf of Kathleen Sebelius



               KRISTA M. LISCIO, RMR
                OFFICIAL COURT REPORTER
              UNITED STATES DISTRICT COURT
```

```
 1           (The proceeding commenced at 9:17 a.m.)
 2       THE COURT:  Good morning.
 3       MR. GERSHENGORN:  Good morning.
 4       MR. McELVAIN:  Good morning, Your Honor.
 5       THE COURT:  All right, Ms. Pizzini, call our next
 6  case, please.
 7       THE CLERK:  Case Number 10 CV 188.  Commonwealth
 8  of Virginia on behalf of Kenneth T. Cuccinelli, II v
 9  Kathleen Sebelius.
10       The plaintiff is represented by Mr. Duncan
11  Getchell, Jr., Mr. Wesley Russell, Jr., and Mr. Stephen
12  McCullough.
13       The defendant is represented by Mr. Ian
14  Gershengorn, Mr. Joel McElvain, Mr. Jonathan Hambrick,
15  and Ms. Erika Meyers.
16       Are counsel ready to proceed?
17       MR. GETCHELL:  The Commonwealth is ready.
18       MR. GERSHENGORN:  Yes, sir.  We're ready.
19       THE COURT:  I've never seen so much brainpower
20  here for a pretrial conference, but you-all know best
21  how much you need.  I normally begin by asking whether
22  or not there has been settlement discussions.  I don't
23  think I need to ask that question either.
24       You have had your Rule 26 conference, have you
25  not?
```

```
 1       MR. GETCHELL:  Your Honor, we had agreed to defer
 2  because we don't think there will be any discovery.
 3       THE COURT:  I don't think there will be either.
 4  And I doubt there's going to be probably any
 5  evidentiary issues in the case from my reading of the
 6  pleadings and the responses, but the Rules do require
 7  that I ask.  And I have no objection to the fact that
 8  you have deferred on that.  That's probably wise.
 9       There are -- let me ask one other question here
10  before I get into setting the matter down.  Just for my
11  scheduling purposes, Mr. Getchell, did you intend to
12  file an amended complaint?  Only reason I ask that is
13  because it will have a material effect on setting the
14  dates for argument on motions and other proceedings.
15       MR. GETCHELL:  No, Your Honor.  May I approach?
16       THE COURT:  Yes, sir.
17       MR. GETCHELL:  We do not intend to file an amended
18  complaint.  We're going to file a response on the 7th
19  in accordance with the scheduling order.
20       THE COURT:  All right.
21       MR. GETCHELL:  We do have an issue about whether
22  and when to file a motion for summary judgment, which
23  I'd like to discuss with you.
24       THE COURT:  I'll take that up.  I'll take that up
25  in just a minute.
```

```
 1        MR. GETCHELL:  Right.
 2        THE COURT:  Okay.  Very well.
 3        There are two discrete issues raised, two subsets
 4  of issues raised in the motion to dismiss, one being
 5  subject matter jurisdiction challenged under 12(b)(1),
 6  and motion to dismiss under 12(b)(6).
 7        Do you envision those being argued at the same
 8  time, or do you think they need to be severed from
 9  argument with subject matter jurisdiction being argued
10  and resolved first?  What's your take on that?
11        MR. GETCHELL:  Your Honor, we think that we have a
12  very strong showing on the preliminary issues and would
13  like to --
14        THE COURT:  I really don't need to hear that.
15        MR. GETCHELL:  I'd like to argue them together.
16        THE COURT:  Okay.  That's fine.
17        MR. GERSHENGORN:  Yes, that's our preference.
18        THE COURT:  That's fine with me.  I just wanted to
19  make sure.
20        All right, I can hear oral argument on both the
21  12(b)(1) and 12(b)(6) on the 1st of July if that's good
22  for you-all.
23        MR. GETCHELL:  That is fine with the Commonwealth
24  of Virginia, Your Honor.
25        THE COURT:  Mr. Gershengorn?
```

```
 1        MR. GERSHENGORN:  That's fine, Your Honor.
 2        THE COURT:  All right.  Then I will set it for
 3   9:00 a.m.  Each side one hour, is that a sufficient
 4   amount of time, gentlemen?
 5        MR. GETCHELL:  Yes, Your Honor.
 6        THE COURT:  Mr. Gershengorn?
 7        MR. GERSHENGORN:  Yes, sir.
 8        THE COURT:  All right.  One hour per side.
 9        Since there will be no evidence in the case, I
10   don't know exactly what's going to remain after the
11   motion to dismiss.  It seems to me that necessarily
12   most of the dispositive issues will be addressed during
13   the motion to dismiss.  It is conceivable, however,
14   that with the requirement of only a facial showing of
15   plausibility that there could still be some material
16   issues of fact to be resolved in summary judgment.
17        So, do you wish me to go ahead and set a date for
18   argument on the summary judgment motion?
19        MR. GETCHELL:  Yes, Your Honor.
20        THE COURT:  Okay.
21        MR. GERSHENGORN:  But, Your Honor, I guess our
22   sense is that we would prefer to defer briefing, and I
23   guess setting the argument on the summary judgment,
24   until Your Honor has decided the motion to dismiss.
25        THE COURT:  And I will do that.
```

```
 1          MR. GERSHENGORN:  Okay.
 2          THE COURT:  But in this district, because we like
 3  to move things along, I'll go ahead and set a date for
 4  summary judgment and you can work out a briefing
 5  schedule.  I'll let you work that out among yourselves.
 6  Just make sure I have enough time to review everything
 7  in time for oral argument.
 8          Okay, I can set it for summary judgment
 9  probably --
10          When, Ms. Belcher?  Do we have a date in October?
11          MS. BELCHER:  We have October 18th.
12          THE COURT:  I have October the 18th, or I can give
13  you a date in November.  What's your pleasure,
14  gentlemen?
15          MR. GETCHELL:  October would be fine.
16          MR. GERSHENGORN:  That's fine with us, Your Honor.
17          THE COURT:  All right.  I'll set it for oral
18  argument on October the 18th.  I'll let you gentlemen
19  work out your own briefing schedule.  Make sure I have
20  at least two weeks to review the pleadings before oral
21  argument so I can be fully prepared.
22          MR. GERSHENGORN:  Okay.
23          THE COURT:  All right, there is no need to refer
24  this to a magistrate judge for settlement conference
25  because the issues, I don't think, are resolvable
```

```
 1  through negotiation.  You may surprise me.  And if you
 2  do, I'd appreciate it, but I don't think it's going to
 3  happen.
 4       MS. BELCHER:  Your Honor, on the July 1st date,
 5  would it be possible to start at 10:00?  We have
 6  pretrials.
 7       THE COURT:  Okay.  We'll start at 10:00.
 8       Is that okay with you-all?
 9       MR. GETCHELL:  That's fine, Your Honor.
10       THE COURT:  Okay.  10:00 because I have pretrials
11  before.
12       Other issues?  Yes, sir, Mr. Getchell.
13       MR. GETCHELL:  One other issue.  I know that there
14  are people who have expressed interest to appear as
15  amici.  If Your Honor is disposed to entertain such
16  motions, should you set a bar date before the oral
17  argument by which they have to file?
18       THE COURT:  I will do that.  We're receiving phone
19  calls already.  I have no objection to them being
20  filed.  I read them to the extent that I have time.
21  Depends on how many of them come in and what time
22  constraints I'm under.
23       MR. GETCHELL:  Sure.
24       THE COURT:  But I welcome all the help and advice
25  on these issues that I can possibly get.
```

```
 1        MR. GETCHELL:  What date should they be in by?
 2        THE COURT:  I would like to have them at least 14
 3   days before oral argument.
 4        MR. GETCHELL:  Thank you.
 5        THE COURT:  All right.
 6        Mr. Gershengorn, any other issues on your side,
 7   sir?
 8        MR. GERSHENGORN:  Yes.  The only question, Your
 9   Honor, is whether -- I mean, we will wait and see how
10   it plays out with the amicus briefs, but whether we
11   might need additional pages just in case we need to
12   respond to some of the amicus briefs that come in, but
13   I can address that after the briefs are filed and see
14   what it looks like, Your Honor.
15        THE COURT:  All right.  I normally view the amicus
16   briefs as supplementing your arguments.  I rarely find
17   myself diverted to a issue raised solely by an amicus.
18        MR. GERSHENGORN:  Okay.
19        THE COURT:  I think that I should be focusing on
20   the issues raised by the parties.
21        MR. GERSHENGORN:  Thank you, Your Honor.
22        THE COURT:  All right.
23        Anything further this morning?
24        MR. GETCHELL:  No, Your Honor.
25        MR. GERSHENGORN:  No, sir.
```

```
 1      THE COURT:  All right.  I'll see you-all on July
 2  1st at 10:00 a.m. for argument on the motion to dismiss
 3  and the motion challenging subject matter jurisdiction.
 4  And on October the 18th for argument on the motion for
 5  summary judgment.  I'm allowing one hour for each side
 6  on the 1st of July.  And how much time do you want on
 7  the summary judgment?
 8      MR. GETCHELL:  An equivalent amount would be fine.
 9      MR. GERSHENGORN:  That's fine, Your Honor.
10      THE COURT:  Okay.  I'll allow you an hour, no
11  longer than an hour and a half per side, all right?
12      MR. GETCHELL:  Okay.
13      MR. GERSHENGORN:  Thank you, Your Honor.
14      THE COURT:  Nice to see you gentlemen this
15  morning.
16      MR. GETCHELL:  Thank you, Your Honor.
17      THE COURT:  Court will stand in recess.
          (The proceeding concluded at 9:24 a.m.)
18
19           REPORTER'S CERTIFICATE
         I, Krista M. Liscio, OCR, RMR, Notary
20  Public in and for the Commonwealth of Virginia at
    large, and whose commission expires March 31, 2012,
21  Notary Registration Number 149462, do hereby certify
    that the pages contained herein accurately reflect
22  the notes taken by me, to the best of my ability, in
    the above-styled action.
23      Given under my hand this 4th day of June, 2010.
24                      _____
                         Krista M. Liscio, RMR
25                       Official Court Reporter
```