RECEIVED

JUN 17

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF VIRGINIA** | } | |
| **EX REL. KENNETH T. CUCCINELLI, II,** | } | |
| In his Official capacity as the Attorney | } | |
| General for the State of Virginia | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | **Civil Action No. 3: 10 cv 188** |
| | } | |
| **KATHLEEN SEBELIUS, SECRETARY,** | } | |
| **DEPARTMEN OF HEALTH AND** | } | |
| **HUMAN SERVICES** | } | |
| In her official capacity as Secretary, | } | |
| | } | |
| Defendant. | } | |
| | } | |

## MEMORANDUM IN SUPPORT OF  SUPPLEMENTAL MOTION
## <u>PROFERRED BY THE  AMICUS CURIAE PETITIONER</u>

The *amicus curiae* petitioner named below hereby files his supplemental brief in support of the

accompanying  Motion  pursuant to 28 U. S. C. § 1404 (a) and Rules 6(a), 11 (a) (b) and 12(b) (1)

(3) of the Federal Rules of Civil Procedure, as amended, and states the following:

-3-

I

## CASE SHOULD BE DISMISSED OR REMANDED FOR LACK OF JURISDICTION

The *amicus curiae* petitioner moves this Honorable Court to either dismiss the above cause *without prejudice* to the parties accompanied by an order requiring *timely* filing in the proper jurisdiction or alternatively, that the court maintain *concurrent jurisdiction* over the cause of action and *remand* the case to the proper court of competent jurisdiction established by *well-settled* judicial precedent in all of the federal circuits.

Petitioner respectfully submits that a suit against a federal agency is a suit against the federal government and that *transfer* of the action to *The United States District Court for the District of Columbia Circuit*, the official location of the federal agency and public official, *without prejudice* or harm to either the state plaintiff or federal defendant, is proper. Such action by this court will be consistent with the precedent and judicial legend of the *Rocket Docket* in expediting the judicial process and encouraging the "good faith" litigation between the parties. *Stroud v. Benson,* 254 F. 2d 448, 451 [1] (CA 4th Cir. – 1958 ); FERRIS V. WILBUR, 27 F. 2d 262, 264 (CA 4th Cir. –Judge Parker 1928).

This is *well settled* law in every federal judicial circuit in the United States of America. (e.g., see *Butterworth v. Hill*, 55 S. Ct. 796, 114 U. S. 128 (1885); *Fischler et. al v. Senator Joseph R. McCarthy*, 117 F. Supp. 643, 646 [1] (U. S. Dist Ct. for S. D. New York), aff'd 218 F. 2d 164 (CA 2nd Cir. – 1954); *Martinez v. Seaton*, 285 F. 2d 587, 589 [1-2] (CA 10th Cir. - 1961), 81 S. Ct. 1677, 366 U. S. 946, cert. denied 70 S. Ct. 28, 358 U. S. 817 (1961).

## II

## THE DISTRICT OF COLUMBIA CIRCUIT HAS EXCLUSIVE JURISDICTION

It is respectfully submitted that the *United States District Court for the District of Columbia Circuit* has jurisdiction over *all* of the twenty-one states filing in federal courts within their jurisdiction challenging the *Obama Healthcare legislation of 2010*.

Consistent with the premise, *all* of the other twenty- cases pending in the federal courts in the various circuits should be ordered by the federal court's involved either to be dismissed *without prejudice* as stated above, and that the Attorney General's representing each state initiate a *new* suit in the above recommended court or alternatively, that each federal court located in the states' involved in litigation on this matter take action on  their own initiative to *remand* the cases with all parties given the *option* to proceed by rounding up the usual suspects for *consolidation* of all actions under a single docket caption or alternatively, to proceed as a *class action* or alternatively, filing twenty-one separate actions in the District of Columbia jurisdiction leaving the decision-making process to the bench.

Petitioner submits that this is not only *reasonable* for such unique litigation, but that this course of action is (1) cost and time efficient to both the courts and the taxpayers; (2) assure that the litigation will be tried in a single federal court of competent jurisdiction; (3) provide convenience and less expense to the parties and the financial drain on state budgets; (4) provide for the convenience of witnesses without interference to public responsibilities; (5) avoid forum shopping; (6) avoid conflicting decisions by the various circuits; (7) eliminate the Department of Justice *divide and conquer* advantage at taxpayer expense;

(8) The elimination of the possibility and probability of establishing a *precedent* in a single court that would allow all federal government lawyers to crush any and all rights whatsoever of the other twenty state litigants or alternatively, to prevent judicial review of the *Obama Healthcare Bill* altogether; (9) the convenience of the media; (10) the reduction of cost and expense of the appeal process with both the District of Columbia appellate court and the Supreme Court of the United States only three blocks apart, not eight-hundred miles, or more; (11) a reduction in the volume of paperwork, pleadings and court records; (12) To assure that the judicial review of the *public interest* and the *societal impact* of President Obama's *generation thievery* is paramount and that the interest of the citizenry directly affected by this alleged unconstitutional backroom legislation by a *partisan* one party vote, both on its *face* and *as applied,* will not allow them to become victims of the frivolity of the spin doctors of legalize who help their tax supported clients of image control deism  to hide behind the subterfuge of legal entrapment such as *ripeness of the litigation, lack of jurisdiction,* or *statute of limitations.* See *Manning ex rel v. Fairfax County School Board,* 176 F. 3d 235, 237 [1-2]  (**CA 4**[th] **Cir.** – 1999); *Lewin v. Medical College of Hampton Roads,* 910 F. Supp. 1161, 1172 [18] (U. D. Dist. Ct. E.D. Va. Norfolk Div. -1996), aff'd 131 F. 3d 135 ( **CA 4**[th] **Cir.** ); *Blue Cross and Blue Shield Ass'n  v. Group Hospitalization and Medical  Services, Inc.,* 744 F. Supp. 700, 716 [7-8] (U. S. Dist. Ct. E. D. Va., Alexandria Division), aff'd in part, remanded in part 911 F. 2d 720, rehearing denied.

   **WHEREFORE,** petitioner respectively moves *The Honorable Henry E. Hudson,* United States District Judge, to *grant* Mr. Parker's *amicus curiae* pleadings, to make said pleadings part of the official record of this court and to issue a *timely* order consistent with the premise and

-6-

the arguments set forth above in the interest of fairness, justice and judicial wisdom.

**POINTS:**  As stated above.

**AUTHORITIES:** As stated above.

Respectfully submitted,

/s/_____

RAY ELBERT PARKER PRO SE

Post Office Box 320636
Alexandria, Virginia 22320
(703)  328 - 2366

-7-

# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **COMMONWEALTH OF VIRGINIA** ) <br> **EX REL. KENNETH T. CUCCINELLI, II** ) <br> In his official capacity as Attorney ) <br> General of the Commonwealth of Virginia ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **KATHLEEN SEBELIUS, SECRETARY,** ) <br> **DEPARMEN OF HEALTH AND** ) <br> **HUMAN SERVICES** ) <br> In her official capacity. ) <br> ) <br> Defendant. ) <br> } <br> _____) | **Civil Action No. 3: 10 cv 188** |

## CERTIFICATE OF SERVICE

Petitioner, **RAY ELBERT PARKER PRO SE**, hereby certifies *under oath* that a true copy of

the above pleadings together with the certificate of service has this **16th day of June, 2010,**

been served by **certified mail with return requested,** postage prepaid, upon *The Honorable*

*Kenneth T. Cuccinelli, Attorney General for the Commonwealth of Virginia*, Office of the

Attorney General,  900 East Main Street, Richmond, Virginia 23219; and *The Honorable Eric*

*Holder, Attorney General for the United States of America*, United States Department of

Justice,  950  Pennsylvania Avenue, NW, Suite 400, Washington, D.C. 20530.

And by **first class mail**, postage prepaid, upon *plaintiff's* team of lawyers as follows:

*Charles E. James, Jr., Esq.; Stephen R. McCulloug, Esq.; Earle Duncan Getchell, Jr., Esq.;* and *Wesly Glenn Russell, Jr., Esq.,* Office of the Attorney General for the Commonwealth of Virginia, 900 Main Street,, Richmond, Virginia 23219.

And by **first class mail**, postage prepaid, upon *defendant's*  team of lawyers as follows:

*Jonathan H. Hambrick, Esq.,*  United States Attorney, Office of the United States Attorney, 600 Main Street, Suite 1800, Richmond, Virginia 23219; and *Jennifer R. Rivera, Esq.,* (admitted *pro hac vice)*, Director; *Sheila M. Lieber, Esq.* (admitted *pro hac vice*), Deputy Director; *Joel McElvan, Esq.,* (admitted *pro hac vice*); and *Erika L. Myers, Esq.,* (admitted *pro hac vice*), Assistant United States Attorneys,   United  States Department of Justice, Civil Division Federal Programs Branch, 20 Massachusetts Avenue, NW, Room 7332, Washington, D. C. 20001.

And courtesy copies by **first class mail**, postage prepaid, t o the following: *The Honorable Mark R. Warner, United States Senator (D. VA.),* 459 – A  Russell Senate Office Building, Washington, D. C. 20510; *The  Honorable Jim Webb, United States Senator (D. Va.),* 248 Russell Senate Office Building, Washington, D. C.  20510; *The Honorable Robert F. McDonnell, Governor of the Commonwealth of Virginia,* Office of the Governor, Patrick Henry Building, 3rd  Floor, 1111 East Broad Street, Richmond, Virginia 23219; and *The Honorable Ira William "Bill" McCollum,* Attorney General for the State of Florida,  Office of the Attorney General, The Capitol Plaza – 01, Tallahassee, Florida 32399 – 1050.

Respectfully submitted,

/s/ _____

RAY ELBERT PARKER PRO SE

Post Office Box 320636
Alexandria, Virginia 22320
(703) 328 - 2366

-10-