**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA,  )<br>ex rel. Kenneth T. Cuccinelli, II, in his official  )<br>capacity as Attorney General of Virginia,  )<br>  )<br>Plaintiff,  )<br>  )  Civil Action No. 3:10-cv-00188-HEH<br>v.  )<br>  )<br>KATHLEEN SEBELIUS, Secretary of the  )<br>Department of Health and Human Services,  )<br>in her official capacity,  )<br>  )<br>Defendant.  )<br>  ) | |

## ANSWER

The defendant, Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, by the undersigned counsel, hereby answers the Complaint of the plaintiff, the Commonwealth of Virginia.

1. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

2. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

3. Admit that this paragraph accurately quotes Virginia Code § 38.2-3430.1:1. Otherwise, this paragraph contains only conclusions of law and not averments of fact to which a response would be required.

4. Deny, except to admit that the minimum coverage provision of Section 1501 of the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148 (2010), that the plaintiff challenges here does not take effect for several years.

5. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

6. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

7. Deny the first sentence. The second sentence contains only conclusions of law and not averments of fact to which a response is required.

8. Deny, and separately aver that while the defendant, Kathleen Sebelius, in her official capacity as the Secretary of the United States Department of Health and Human Services, is responsible for administering many provisions of the ACA, the Secretary of the Treasury is primarily responsible for the administration of the minimum coverage provision that the plaintiff seeks to challenge in this action.

9. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

10. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

11. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

12. Deny.

13. Deny.

14. Deny, and separately aver that: (a) the ACA establishes comprehensive reforms of the interstate health insurance market; (b) those reforms include a requirement that insurers guarantee the issue of policies to persons with pre-existing conditions, at non-discriminatory rates; (c) because of these reforms, in the absence of a minimum coverage provision, many people would have the incentive to delay obtaining coverage, or to drop coverage, until they fall ill; (d) the remaining insured population would therefore consist disproportionately of those with the highest current medical expenses, leading to more expensive premiums and an increase in the uninsured population; and (e) therefore Congress had a rational basis to conclude that the minimum coverage provision is essential to ensure the success of the ACA's larger regulation of the interstate health insurance market.

15. Deny the first sentence. Deny the second sentence, except to admit that the Senate Finance Committee asked the Congressional Research Service ("CRS") to prepare a report addressing the constitutionality of the minimum coverage provision. The third sentence contains only a characterization of the quoted publication, which speaks for itself, and to which no response is required.

16. This paragraph contains only characterizations of judicial decisions which speak for themselves and conclusions of law, but not averments of fact to which a response would be required.

17. Deny, and separately aver that the decision whether to purchase health insurance, or whether to pay for health care expenses out-of-pocket and to rely on a backstop of free

services for the care (including catastrophic care) that one cannot afford, is an economic decision, and that that economic decision has a substantial effect on interstate commerce.

18. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

19. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

20. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

### **First Defense**

This Court lacks subject-matter jurisdiction because the plaintiff lacks standing under Article III of the United States Constitution.

### **Second Defense**

This Court lacks subject-matter jurisdiction because the plaintiff lacks prudential standing.

### **Third Defense**

This Court lacks subject-matter jurisdiction because the plaintiff's claims are not ripe under Article III of the United States Constitution.

### **Fourth Defense**

This Court lacks subject-matter jurisdiction because the plaintiff's claims are not prudentially ripe.

**Fifth Defense**

This Court lacks subject-matter jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a).

**Sixth Defense**

The complaint should be dismissed for failure to join a necessary party, namely the Secretary of the Treasury, who, unlike the defendant, is charged with the implementation of Section 1501 of the ACA.

**Seventh Defense**

The complaint fails to state a claim upon which relief can be granted.

The defendant specifically denies all allegations in the complaint not otherwise answered herein.  In addition, the defendant denies that the plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, the defendant requests that the plaintiff's prayer for relief be denied, that this action be dismissed, and that the defendant be awarded her costs and such other relief as may be appropriate.

DATED this 16th day of August, 2010.

       Respectfully submitted,

       TONY WEST
       Assistant Attorney General

       IAN HEATH GERSHENGORN (admitted *pro hac vice*)
       Deputy Assistant Attorney General

       NEIL H. MacBRIDE
       United States Attorney

By:   /s/ Jonathan H. Hambrick
       JONATHAN H. HAMBRICK, VSB # 37590
       Assistant United States Attorney
       Office of the United States Attorney
       600 East Main Street, Suite 1800
       Richmond, Virginia 23219
       Telephone: (804) 819-5400
       Fax:   (804) 819-7417
       Email:  jay.h.hambrick@usdoj.gov

       JENNIFER R. RIVERA, VSB # 29281
       Director
       SHEILA M. LIEBER (admitted *pro hac vice*)
       Deputy Director
       JOEL McELVAIN (admitted *pro hac vice*)
       Senior Counsel
       United States Department of Justice
       Civil Division, Federal Programs Branch
       20 Massachusetts Ave., NW, Room 7332
       Washington, D.C. 20001
       Telephone: (202) 514-2988
       Fax:   (202) 616-8202
       Email:  Joel.McElvain@usdoj.gov

       *Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Earle Duncan Getchell, Jr.
>Charles E. James, Jr.
>Stephen R. McCullough
>Wesley Glenn Russell, Jr.
>Office of the Attorney General
>900 E. Main Street
>Richmond, Virginia 23219

>   /s/ Jonathan H. Hambrick
>JONATHAN H. HAMBRICK, VSB # 37590
>Assistant United States Attorney
>Office of the United States Attorney
>600 East Main Street, Suite 1800
>Richmond, Virginia 23219
>Telephone:   (804) 819-5400
>Fax:   (804) 819-7417
>Email:   jay.h.hambrick@usdoj.gov